## UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| New Energy Capital Partners, LLC, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| V. | ) | No. 13-1277 |
| | ) | |
| Federal Energy Regulatory Commission, | ) | |
| | ) | |
| Respondent. | ) | |

## STATUS REPORT

Pursuant to the Court's order of January 24, 2014, New Energy Capital Partners, LLC ("NEC"), hereby submits the following status report.

FERC issued a "Notice Rejecting Motion to Reopen the Record" on March 3, 2015 ("Order"), purporting to resolve NEC's outstanding "Petition to Reopen Relicensing Application Process" for Project No. P-2197-073 ("NEC's Petition").

NEC timely filed a request for rehearing of this Order with FERC on April 2, 2015. *See* 18 C.F.R. § 385.713 (governing requests for rehearing); *and* 16 U.S.C. § 825l(b) (governing appeals to this Court arising out of FERC's denial of requests for rehearing).

FERC issued an "Order Denying Rehearing, Alcoa Power Generating, Inc.", 152 FERC ¶ 61,040 (FERC Docket No. P-2197-107) on July 16, 2015, denying NEC's request for rehearing.

NEC timely filed a Petition for Review of the March 3, 2015 and July 15, 2015 orders, above.  The Petition for Review is signed and dated September 2, 2015, and is attached as Exhibit 1 to this Status Report.

                              Respectfully submitted,

Dated:  September 2, 2015          /s/ Michael S. Lewis
                                   Michael S. Lewis (D.C. Cir. Bar #55042)
                                   Rath, Young and Pignatelli, P.C.
                                   One Capital Plaza
                                   Concord, New Hampshire 03301
                                   (603) 226-2600
                                   msl@rathlaw.com
                                   Attorney for New Energy Capital Partners, LLC

## <u>CERTIFICATE OF SERVICE</u>

In accordance with Fed. R. App. P. 25(d), and the Court's Administrative Order Regarding Electronic Case Filing, I hereby certify that I have, this 2nd day of September 2015, served the foregoing upon the counsel listed in the Service Preference Report via email through the Court's CM/ECF system as indicated below:


Holly Elizabeth Cafer, Esquire
Robert Harris Solomon, Solicitor
Federal Energy Regulatory Commission
Washington, D.C. 20426
holly.cafer@ferc.gov
robert.solomon@ferc.gov

David Russell Poe, Esquire
Bracewell & Giuliani LLP
2000 K Street NW, Suite 500
Washington, DC  20006-1872
david.poe@bgllp.com, sandra.liboro@bgllp.com


                                        /s/ Michael S. Lewis
                                        Michael S. Lewis
                                        Rath, Young and Pignatelli, P.C.
                                        One Capital Plaza
                                        Concord, NH 03301
                                        Tel:  (603) 226-2600
                                        Fax: (603) 226-2700

# EXHIBIT 1

# UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

New Energy Capital Partners, LLC,    )
        )
    Petitioner,        )
        )
       V.       )    No. 15-_____
        )
Federal Energy Regulatory Commission,    )
        )
    Respondent.        )

## PETITION FOR REVIEW OF NEW ENERGY CAPITAL PARTNERS, LLC

Pursuant to 16 U.S.C. § 825l(b) and Rule 15(a) of the Federal Rules of Appellate Procedure ("FRAP") and Circuit Rule 15 of the rules of this Court, New Energy Capital Partners, LLC (hereinafter "NEC") hereby petitions this Court for review of the following orders of the Federal Energy Regulatory Commission, attached hereto:

(1) Order Denying Rehearing, Alcoa Power Generating, Inc., 152 FERC ¶ 61,040 (FERC Docket No. P-2197-107) (July 16, 2015);

(2) Notice Rejecting Motion to Reopen Record, Alcoa Power Generating, Inc. (FERC Docket No. P-2197-073) (March 3, 2015).

In compliance with FRAP Rule 26.1 and Circuit Rule 26.1, NEC is submitting a Corporate Disclosure Statement contemporaneously with this Petition for Review.  NEC prays that the orders set forth above be set aside or modified.

Respectfully submitted,

Michael S. Lewis (D.C. Cir. Bar #55042)
Rath, Young and Pignatelli, P.C.
One Capital Plaza
Concord, New Hampshire 03301
(603) 226-2600
msl@rathlaw.com
Attorney for New Energy Capital Partners, LLC

Dated: September 2, 2015

152 FERC ¶ 61,040
UNITED STATES OF AMERICA
FEDERAL ENERGY REGULATORY COMMISSION

Before Commissioners:  Norman C. Bay, Chairman;
                       Philip D. Moeller, Cheryl A. LaFleur,
                       Tony Clark, and Colette D. Honorable.

Alcoa Power Generating Inc.                          Project No.  2197-107

ORDER DENYING REHEARING

(Issued July 16, 2015)

1.     On April 2, 2015, New Energy Capital Partners, LLC (New Energy) filed a request for rehearing of the Commission Secretary's March 3, 2015 Notice Rejecting Motion to Reopen Record (Notice) in the relicense proceeding for the 210-megawatt Yadkin Hydroelectric Project No 2197 (Yadkin Project). The project is located on the Yadkin River in Davidson, Davie, Montgomery, Rowan, and Stanly Counties, North Carolina. For the reasons discussed below, we deny New Energy's request for rehearing.

**Background**

2.     On September 23, 2002, Alcoa Power Generating Inc. (Alcoa Power) filed its Initial Consultation Document for the relicensing of the Yadkin Project, beginning its pre-filing license application process. On March 27, 2003, Alcoa Power filed its Notice of Intent to file an application for a new license. Three years later, on April 25, 2006, Alcoa Power filed its new license application with the Commission.

3.     On December 28, 2006, the Commission's Secretary issued public notice of Alcoa Power's relicense application.[1] The notice established February 26, 2007, as the deadline for filing protests, comments, and motions to intervene in the proceeding. Among other things, the notice stated that "only those who file a motion to intervene in accordance with the Commission's Rules may become a party to the proceeding."

4.     On May 7, 2007, Alcoa Power filed a Relicensing Settlement Agreement on behalf of itself and twenty-four other entities. The Commission's Secretary issued a public notice soliciting comments on the settlement agreement on May 17, 2007.

---

[1] The notice was published in the *Federal Register* on December 29, 2006. 71 Fed. Reg. 78,424 (01) (2006).

5.      On September 28, 2007, Commission staff issued the draft environmental impact statement (EIS).  The deadline for comments on the draft EIS was November 27, 2007, and the notice of the document stated that "[a]nyone may intervene in this proceeding based on this draft EIS."[2]  Commission staff issued the final EIS on April 18, 2008.  The Commission has not been able to act on the relicense application because the State of North Carolina has declined to issue water quality certification for the project under the Clean Water Act, a prerequisite to Commission action.[3]

6.      New Energy did not file a motion to intervene or any comments in response to the notices of the application, settlement agreement, or draft EIS.

7.      On April 30, 2013, New Energy filed a request to reopen the record or, in the alternative, intervene late in the relicensing proceeding.  New Energy characterized itself as a competitor to Alcoa Power[4] and argued that the Commission must determine whether Alcoa Power's relicensing application is best adapted to the public interest in light of the repurposing of the Yadkin Project.  New Energy further argued that it had good cause to intervene late because its interest did not arise until the occurrence of certain events between March and December 2010.  New Energy alleged that these events provided evidence that Alcoa Power was going to sell the project's power in the wholesale market rather than using it to supply local businesses.  On May 24, 2013, Alcoa Power filed an opposition to New Energy's petition.

8.      On May 30, 2013, the Commission's Secretary denied New Energy's motion for late intervention, finding that New Energy did not demonstrate good cause for intervening late.  The Commission did not address New Energy's request to reopen the record.  On June 5, 2013, New Energy filed a motion for clarification of the May 30, 2013 order, seeking clarification whether a separate ruling on New Energy's petition to reopen the record was forthcoming and if not, explain how the May 30, 2013 notice

---

[2] Citing 18 C.F.R. § 380.10 (2007).

[3] *See* 33 U.S.C. § 1341(a)(1) (2012).  On August 2, 2013, the North Carolina Department of Environmental and Natural Resources (North Carolina DENR) denied Alcoa Power's September 28, 2012 water quality certification application because of a pending lawsuit regarding the ownership of the streambed located beneath the project. *See* North Carolina DENR August 16, 2013 Supplemental Information at 3-4.  On May 29, 2015, the North Carolina Office of Administrative Hearings reversed the August 2, 2013 denial by North Carolina DENR and directed North Carolina DENR to issue a new decision on Alcoa Power's water quality certification application within thirty days. *See* Alcoa Power's June 5, 2015 transmittal letter.

[4] *See* Petition to Reopen Relicensing Application Process at 24.

properly addressed the petition. On June 17, 2013, Alcoa Power filed a motion to respond to New Energy's motion for clarification.

9.    On June 27, 2013, New Energy filed a request for rehearing of the May 30, 2013 notice denying New Energy's late motion to intervene. The Commission denied rehearing on September 19, 2013.[5]

10.    On November 12, 2013, New Energy filed a petition for appeal of the September 19, 2013 Order with the U.S. Court of Appeals for the District of Columbia Circuit. On January 24, 2014, the court granted New Energy's unopposed motion to hold the appeal in abeyance pending resolution by the Commission of New Energy's petition to reopen the record in the relicensing proceeding.

11.    On January 21, 2014, New Energy filed a supplement to its petition to reopen the record. New Energy claimed that events subsequent to its petition supported New Energy's request to reopen the record, namely the actions of certain North Carolina agencies, including denial of the section 401 water quality certification. On February 3, 2014, Alcoa Power filed a response in opposition to New Energy's supplement.

12.    On December 5, 2014, New Energy filed a request for action on its petition to reopen the record. Alcoa Power filed an opposition to the request on December 22, 2014.

13.    On March 3, 2015, the Commission's Secretary issued a notice rejecting New Energy's request to reopen the record for lack of party status. The notice stated that although styled as a petition, New Energy's request was in fact a motion to reopen the record, which may only be filed by a participant, defined in the Commission's regulations as a party or certain Commission employees.[6] Since the Commission had denied New Energy's late motion to intervene, New Energy was not a party to the proceeding. Thus, the notice found that New Energy is not a participant permitted to file a motion to reopen the record and rejected New Energy's motion to reopen the record for lack of party status.

14.    On April 2, 2015, New Energy filed a request for rehearing of the notice rejecting its motion to reopen the record.

## Discussion

15.    New Energy lists three grounds for rehearing. First, New Energy argues that the Commission erred in ruling that New Energy's petition was a motion subject to

---

[5] *Alcoa Power Generating Inc.*, 144 FERC ¶ 61,218 (2013) (September 19, 2013 Order).

[6] 18 C.F.R. § 385.716(b)(1) (2014).

resolution under Rule 716 of the Commission's Rules of Practice and Procedure. Next, New Energy claims that the Commission erred in failing to address the substance of New Energy's petition. Finally, New Energy asserts that the Commission erred in failing to grant New Energy's petition. As discussed below, none of these claims has merit.

16.     New Energy argues that the Commission improperly characterized New Energy's petition to reopen the record, which may be made by any "person" under Rule 207,[7] as a motion to reopen the record, which only "participants" may make under Rule 716. Rule 102(b)(1)-(2) defines participant to mean any party or certain Commission employees.[8] New Energy asserts that it sought relief under four of the circumstances listed in Rule 207 and, therefore, the Commission violated its procedural rules. We disagree.

17.     Regardless of how an entity labels its submissions to the Commission, the Commission has discretion to determine the actual nature of the filing and to treat the filing accordingly.[9] Here, although New Energy labeled its pleading a petition to reopen the relicensing process under Rule 207, the filing does not fit the requirements of that rule. The pleading does not seek a declaratory order to terminate a controversy or remove uncertainty, as required by Rule 207(a)(2),[10] is not an appeal from a staff action, as required by Rule 207(a)(3),[11] and does not seek a rule of general applicability under

---

[7] *Id.* § 385.207.

[8] *Id.* § 385.102(b)(1)-(2).

[9] *See, e.g., Northwest Pipeline Corp.*, 44 FERC ¶ 61,157, at 61,497 (1988) ("Although Northwest characterizes its pleading as an answer to motions to reject, it is in fact a response to protests and, as such, is not permitted."); *Roger and Emma Wahl v. Allamakee-Clayton Electric Coop.*, 116 FERC ¶ 61,134, at 61,613 (2006) (". . . we will treat the [request for rehearing], in our discretion, as a request for reconsideration.).

[10] *See, e.g., Crown-Vantage-New Hampshire Electric, Inc.*, 88 FERC ¶ 61,018, at 61,050-51 (1999) (Commission concluded that pleading filed by U.S. Department of the Interior seeking, in part, to re-open the record in a hydropower licensing proceeding, was not fit for a declaratory order, but was in fact a late-filed request for rehearing.). In addition, New Energy's pleading did not comply with 18 C.F.R. § 381.302(c) (2014), which requires that a petition for declaratory order under Part I of the Federal Power Act be accompanied by a petition for exemption from the $24,370 filing fee prescribed in 18 C.F.R. § 381.302(a) (2014).

[11] *See, e.g., Public Service Co. of New Mexico*, 27 FERC ¶ 61,007 (1984) (Commission denied appeal of delegated letter order.).

Rule 207(a)(4), but rather is a case-specific action.  Moreover, New Energy's filing does not seek any action for which the procedural rules prescribe no other form of pleading, as required by Rule 207(a)(5).[12]  As the notice explained, New Energy's pleading is in fact a motion to reopen the record, which is prescribed by Rule 716.  Thus, the Commission's determination that New Energy's filing was in fact a motion to reopen the record, which can only be filed by a participant, was an appropriate exercise of its discretion, reflecting a reasonable interpretation of its own regulations.

18.    New Energy further asserts that the Commission erred in failing to address the substance of its petition to reopen the record.  However, given that the Commission appropriately exercised its discretion in rejecting New Energy's pleading for lack of party status, the Commission was not required to address the merits of the pleading.  New Energy asserts that it has no means by which to seek judicial relief, except through issuance of an order.  However, this assertion does not cure New Energy's lack of party status or require the Commission to rule on the merits of New Energy's motion.[13]

19.    Finally, New Energy argues that the Commission erred in failing to grant New Energy's request to reopen the record.  As explained above, the Commission was not required to rule on the merits of New Energy's request, given New Energy's lack of party status.[14]  In addition, New Energy's request is unnecessary; the record in this proceeding remains open until the Commission acts on Alcoa Power's license application.  New Energy may still participate in the proceeding by filing comments, albeit as a non-party,

---

[12] *See, e.g., Dominion Transmission, Inc.*, 111 FERC ¶ 61,285, at P 32 (2005) (Commission directed pipelines seeking approval of settlement agreement before making a section 4 rate filing under the Natural Gas Act, 15 U.S.C. § 717c (2012), to file a petition for approval of the agreement pursuant to Rule 207(a)(5).).

[13] *See California Trout v. FERC*, 572 F.3d 1003, 1016-17 (9th Cir. 2009) (court held that losing the benefit of standing to obtain judicial review under 16 U.S.C. § 825l(b) does not give petitioners good cause to untimely intervene in hydroelectric relicensing proceeding).

[14] New Energy cites *Green Island Power Auth. v. FERC*, 577 F.3d 148 (2d Cir. 2009) in support of its assertion that the Commission cannot shut parties out of the process of raising challenges under the Federal Power Act.  Rehearing request at 17.  The decision in *Green Island* is not controlling here.  In that decision, the court remanded to the Commission for consideration of whether a settlement agreement materially amended a relicense application, such that the Commission was required to solicit motions to intervene.  In contrast, here, the September 19, 2013 Order denying New Energy's request for rehearing of the notice denying late intervention considered and rejected New Energy's claim that material amendments to the license application were filed.

20150716-3018 FERC PDF (Unofficial) 07/16/2015

Project No. 2197-107                                                           - 6 -

and the Commission considers comments from all participants regardless of their party status.  New Energy's motion to reopen the record is merely an untimely, statutorily-barred attempt to compete for the project.[15]

20.     In any case, as noted in the Commission's September 19, 2013 Order denying New Energy's request for rehearing of the denial of its motion for late intervention, it has been the Commission's practice since the issuance of licenses began in 1920 to leave disposition of project power in the hands of the licensee unless Congress has made a legislative directive to the contrary, which has not happened here.[16]  Therefore, Alcoa Power's decision as to where to sell project power is not a relevant issue in the relicensing proceeding and could not provide a reason to reopen the record, even if it were closed.  Moreover, Alcoa's plans to close the Badin Works plant and to sell project power into the open market were disclosed during the relicensing proceeding several years prior to New Energy's motion.[17]  Thus, Alcoa Power's alleged "re-purposing" of the project does not constitute new evidence that would warrant reopening the record pursuant to Rule 716(a).[18]

21.     Further, although, as noted above, we are under no obligation to respond to the merits of New Energy's petition, we note that section 15 of the Federal Power Act[19] requires that any entity – whether an existing licensee or a competitor – seeking to file an application to relicense a project must do so no later than two years from when the current license will expire.[20]  Accordingly, New Energy is barred by statute from competing for the Yadkin Project license at this late date.  We must only reopen license proceedings where changes in an applicant's plan of development are material, that is, involve significant changes to a project's physical features such that it should be

---

[15] *See Erie Boulevard Hydropower, L.P.*, 131 FERC ¶ 61,036, at P 3 (2010), *aff'd, Green Island Power Auth. v. FERC*, No. 11-1960 (2d Cir. Sept. 25, 2012) (Power authority made series of filings in order to place its untimely and statutorily-barred competitive proposal before the Commission; court affirmed decision on remand denying late motion to intervene and reinstating license.).

[16] *See* September 19, 2013 Order, 144 FERC ¶ 61,218 at P 15.

[17] *Id.* at PP 16-20.

[18] 18 C.F.R. § 385.716(a) (2014).

[19] 16 U.S.C. § 808 (2012).

[20] *See, e.g., Green Island Power Authority*, 110 FERC ¶ 61,034 at P 13-P 14, *reh'g denied*, 110 FERC ¶ 61,331 (2005).

considered an entirely new project.[21] No such changes have occurred in this proceeding.[22]

22. For the reasons discussed above, we find that New Energy lacks party status to file a motion to reopen the record.

The Commission orders:

The request for rehearing filed by New Energy Capital Partners, LLC on April 2, 2015, in this proceeding is denied.

By the Commission.

( S E A L )

Kimberly D. Bose,
Secretary.

---

[21] *See Erie Boulevard Hydropower, L.P.*, 131 FERC ¶ 61,036 at P 17, P 37; *reh'g denied*, 134 FERC ¶ 61,205 at P 31-P 32; *reh'g denied*, 136 FERC ¶ 61,044 (2011); *summarily aff'd, Green Island Power Authority v. FERC*, 497 Fed. Appx. 127 (2d Cir. 2012).

[22] As we explained in *Alcoa Power Generating Inc.*, 144 FERC ¶ 61,218, at P 24-P 25, the two matters raised by New Energy – the settlement agreement and two water withdrawal agreements – did not constitute material amendments to Alcoa's license application.

USCA Case #13-1277     Document #1571167          Filed: 09/02/2015      Page 14 of 24

P-2197-107.DOCX......................................................1-7

UNITED STATES OF AMERICA
FEDERAL ENERGY REGULATORY COMMISSION

Alcoa Power Generating Inc.                          Project No. 2197-073

NOTICE REJECTING MOTION TO REOPEN RECORD

(March 3, 2015)

On April 30, 2013, New Energy Capital Partners, LLC (New Energy) filed a
"Petition to Reopen Relicensing Application Process and in the Alternative, Motion for
Late Intervention" in the relicensing proceeding for Alcoa Power Generating Inc.'s
Yadkin Hydroelectric Project No. 2197. The project is located on the Yadkin River in
Davidson, Davie, Montgomery, Rowan, and Stanly Counties, North Carolina. The
Commission has denied New Energy's late motion to intervene.[1] On January 21, 2014,
New Energy filed a supplement to its petition elaborating on arguments raised in its
earlier filing. Though styled as a petition, the request is in fact a motion to reopen the
record. New Energy's motion to reopen the record is rejected.

Under Rule 716 of the Commission's Rules of Practice and Procedure, only a
participant may file a motion to reopen the record.[2] Our regulations define participant to
mean any party or certain Commission employees.[3] A party is "any person whose
intervention in a proceeding is effective under Rule 214."[4] Because the Commission
denied New Energy's late motion to intervene, New Energy is not a party in this
proceeding. Thus, New Energy is not a participant permitted to file a motion to reopen
the record.

Accordingly, the motion to reopen the record is rejected for lack of party status.

---

[1] *Alcoa Power Generating Inc.*, *order denying reh'g*, 144 FERC ¶ 61,218 (Sept.
19, 2013). New Energy filed a petition for appellate review in the Court of Appeals of
the District of Columbia on November 7, 2013, receiving docket number 13-1277. Upon
motion by New Energy, with Commission assent, the court held the case in abeyance on
Jan. 24, 2014, and required that New Energy file status reports every 90 days.

[2] 18 C.F.R. § 385.716(b)(1) (2014).

[3] *Id.* § 385.102(b)(1)-(2).

[4] *Id.* §385.102(c)(3).

20150303-3042 FERC PDF (Unofficial) 03/03/2015

This notice constitutes final agency action.  Requests for rehearing by the Commission of this rejection notice must be filed within 30 days of the date of issuance of this notice, pursuant to Rule 713 of the Commission's Rules of Practice and Procedure.[5]

Kimberly D. Bose,
Secretary.

---

[5] 18 C.F.R. § 385.713 (2014).

Document Accession #: 20150303-3042     Document #1571167     Filed: 09/02/2015     Page 17 of 24

P-2197-073 Notice.DOCX..................................................1-2

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| New Energy Capital Partners, LLC, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| V. | ) | No. 15-_____ |
| | ) | |
| Federal Energy Regulatory Commission, | ) | |
| | ) | |
| Respondent. | ) | |

## CORPORATE DISCLOSURE STATEMENT OF NEW ENERGY CAPITAL PARTNERS, LLC

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure ("FRAP") and Circuit Rule 26.1 of the rules of this Court, New Energy Capital Partners, LLC (hereinafter "NEC") submits the following corporate disclosure statement:

NEC is a limited liability company that invests in renewable energy projects and facilities through private equity funds managed by NEC. NEC has no parent company. No publicly held company owns 10 percent or more of NEC's stock.

Respectfully submitted,

_____
Michael S. Lewis (D.C. Cir. Bar #55042)
Rath, Young and Pignatelli, P.C.
One Capital Plaza
Concord, New Hampshire 03301
(603) 226-2600
msl@rathlaw.com
Attorney for New Energy Capital Partners, LLC

Dated: September 2, 2015

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Petition for Review and Corporate Disclosure Statement to the parties admitted to participate in the underlying agency proceedings, listed in the accompanying "Service List", by first class United States mail, prepaid.

Michael S. Lewis (D.C. Cir. Bar #55042)
Rath, Young and Pignatelli, P.C.
One Capital Plaza
Concord, New Hampshire 03301
(603) 226-2600
msl@rathlaw.com
Attorney for New Energy Capital Partners, LLC

Dated:  September 2, 2015

## Service List

Fred Adkins
270 Marion Brown Trl
Salisbury, NC 28146-5016

Lou Adkins
270 Marion Brown Trl
Salisbury, NC 28146-5016

Gene Ellis
AGPI Power Generating Inc.
PO Box 576
Badin, 28009-0576

Max W Laun
AGPI Power Generating Inc.
201 Isabella St
Pittsburgh, PA 15212-5858

Charles T Steinman, MD
Animal Care Center of Salisbury
1500 E Innes St
Salisbury, NC 281466009

Richard Blase
177 NC Highway 42 N Ste A
Asheboro, NC 27203-7955

Legal Department
Carolina Power & Light Company
PO Box 1551
Raleigh, NC 27602-1551

Clerk of Court
140 S Main St
Mocksville, NC 27028

Gaither Walser
Brinkley Walser, PLLC
10 LSB Plz
Lexington, NC 27292-3393

Ronnie Lee Qualkenbush
156 Stratford Rd
Lexington, NC 27292-9650

Mark Tyson
President
Sandhills Rod and Gun Club
340 Grey Fox Road
Ellerbe, NC 28338

Dick Christie
SCDNR
1771-C Highway 521 By-Pass South
Lancaster, SC 29720

Jim L Shuping
755 Riverwalk Dr
Salisbury, NC 281465020

Henry D McMaster
SC Office of Attorney Gen.
PO Box 11549
Columbia, SC 29211-1549

Andy Lucas, County Manager
AGPI Power Generating Inc.
1000 N 1st St
Stanly County, NC

Andy Lucas, County Manager
AGPI Power Generating Inc.
Suite 10
Albemarle, NC 28001

Prescott Brownell
Southeast Region FERC Coordinator
219 Fort Johnson Road
Charleston, SC 29412

David Bernhart
Assistant Regional Administrator
NOAA National Marine Fisheries Service
National Marine Fisheries Service -SERO
263 13th Avenue South
St. Petersburg, FL 33701-5505

Miles Croom
Assistant Regional Administrator
NOAA National Marine Fisheries Service
National Marine Fisheries Service
263 13th Avenue S
St. Petersburg, FL 33701

Gerrit Jobsis
SE Regional Director
American Rivers
2231 Devine St, Ste 202
Columbia, SC 29205

John Seebach
American Rivers
1104 14th Street NW, ste 1400
Washington, D.C. 20005

Philip Marston
218 N. Lee Street, Suite 300
Alexandria, VA 22314

Linda Flounders Bell
315 Topsail Rd.
Salisbury, NC 28146

Julie Gantenbein
Staff Attorney
2140 Shattuck Avenue, Ste. 801
Berkeley, CA 94704-1229

Richard Roos-Collins
Director, Legal Services
2140 Shattuck Avenue, Ste. 801
Berkeley, CA 94704-1229

V. Tinsley
Brooks, Pierce, Mclendon, Humphrey
230 N. Elm Street, Suite 2000
Greensboro, NC 27401

Guy Cornman, Planning Director
Davidson County Governmental Center
913 Greensboro Street
Lexington, NC 27292

John Whittaker
Winston & Strawn LLP
1700 K St. N.W.
Washington, DC  20006-3817

Jeffrey G. Lineberger, Director
Duke Energy Carolinas, LLC
PO Box 1006
Charlotte, NC. 28201-1006

Michael Kurman
Arent Fox PLLC
415 Green Pasture Drive
Rockville, MD 20852

Larry Jones
High Rock Lake Association
310 Fox Hollow Farm Road
Salisbury, NC 28146

Faison Hicks
Special Deputy Attorney Genera
114 West Edenton Street (27603)
Post Office Box 629 (27602-0629)
Raleigh, NC 27602-0629

Lars F. Nance
North Carolina Department of Justice
114 E Edenton Street
Office Number 416A
Raleigh, NC 27603

Prescott Brownell
NOAA Fisheries Service, Northeast Region
219 Fort Johnson Rd
Charleston, SC 29412-9110

Marc Bernstein
Special Deputy Att'y General
NC Department of Justice
9001 Mail Service Center
Raleigh, NC 27699-9001

Donald Laton
N.C. Attorney General's Office
NC Department of Justice
114 West Edenton Street
Raleigh, NC 27603-1712

Jim Mead
Env Specialist
NC Div. of Water Quality
1611 Mail Service Center
Raleigh, NC 27699-1611

Marc Bernstein
Special Deputy Att'y General
NC Department of Justice
9001 Mail Service Center
Raleigh, NC 27699-9001

Christopher J. Goudreau
Hydropower Relicensing Coord.
NC Wildlife Resources Commission
645 Fish Hatchery Road
Marion, NC 28752-8254

Todd Ewing
Eastern FERC Coordinator
NC Wildlife Resources Commission
808 Briggs St., NW
Valdese, NC 28690

Paul F. Shiers
Project Manager
PB Power Inc
75 Arlington St
Boston, MA 021163904

Neil Robinson, Esquire
Nexsen Pruet Law Firm
PO Box 486
Charleston, SC 29402-0486

James Hancock
Balch & Bingham LLP
1710 Sixth Avenue N
Birmingham, AL 35203

David Poe
Bracewell & Giuliani LLP
2000 K Street NW
Washington, D.C. 20006-1872

Robert Petree
SaveHighRockLake.org
263 High Rock Drive
Lexington, NC 27292

Mullen Taylor
Willoughby & Hoefer, PA
120 S. Waccamaw Ave.
Columbia, SC 29205

Robert Edward Duncan
SCDNR
PO Box 12559
Charleston, SC 29422-2559

Julie McIntyre, Staff Counsel
SC Department of Health and Environmental
Control
2600 Bull Street
Camden, SC 29020

Larry Turner
SC Department of Health and Environmental
Control
2600 Bull Street
Columbia, SC 29016

Hank Stallworth
SC Office of the Governor
PO Box 11829
Columbia, 29211-1829

Rebecca J. Baldwin
Spiegel & McDiarmid LLP
1875 Eye Street, NW, Suite 700
Washington, DC 20006

Frances Francis
Spiegel & McDiarmid LLP
1875 Eye Street, NW, Suite 700
Washington, DC 20006

William Huang
Spiegel & McDiarmid LLP
1875 Eye Street, NW, Suite 700
Washington, DC 20006

E Service
Spiegel & McDiarmid LLP
1875 Eye Street, NW, Suite 700
Washington, DC 20006

Kimberly D. Bose, Secretary
Nathaniel J. Davis, Sr., Deputy Secretary
Federal Energy Regulatory Commission
888 First Street, NE
Washington, DC 20426

Jason Walser
The Land Trust for Central NC
215 Depot St.
Salisbury, NC 28144

Eric Krueger
Aquatic Program Mgr
The Nature Conservancy
PO Box 20246
Charleston, SC 29413-0246


Ann Brownlee
President
400 Lantz Avenue
Salisbury, NC 28144


Mark D. Bowers
Biologist
U.S. Department of Interior
PO Box 27636
Raleigh, TN 27611


Roger Morton
134 Peach Drive
Troy, North Carolina 27371

Nancy Gottovi
Executive Director
PO Box 159
Star, NC 27356-0159


Gerald Thornton
U.S. Department of Interior
530 South Gay Street
Suite 308
Knoxville, TN 37902


Teresa Morton
134 Peach Drive
Troy, North Carolina 27371


Holy Cafer
Office of the General Counsel
Solicitor's Office
Federal Energy Regulatory Commission
888 First Street, NE
Washington, DC 20426