# United States Court of Appeals
### For The District of Columbia Circuit

_____

**No. 13-1277**                     **September Term, 2015**

FERC-P-2197-107
FERC-144FR61218
FERC-P-2197-073

**Filed On: November 2, 2015** [1581405]

New Energy Capital Partners, LLC,

      Petitioner

    v.

Federal Energy Regulatory Commission,

      Respondent

------------------------------

Alcoa Power Generating Inc.,
                Intervenor

------------------------------

Consolidated with 15-1307

# O R D E R

Upon consideration of the motions to govern further proceedings, the motions for leave to intervene, and the motion concerning briefing format, it is

**ORDERED** that the motions be granted, and these cases be consolidated, and No. 13-1277 be returned to the court's active docket. The following briefing schedule will apply:

| | |
|---|---|
| Petitioner's Brief | November 20, 2015 |
| Respondent's Brief | January 22, 2016 |
| Intervenor for Respondent's Brief | February 5, 2016 |
| Petitioner's Reply Brief | March 4, 2016 |
| Deferred Appendix | March 18, 2016 |
| Final Briefs | April 1, 2016 |

# United States Court of Appeals
#### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 13-1277**                                                                 **September Term, 2015**

      All issues and arguments must be raised by petitioner in the opening brief. The court ordinarily will not consider issues and arguments raised for the first time in the reply brief. To enhance the clarity of their briefs, the parties are cautioned to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. See D.C. Circuit Handbook of Practice and Internal Procedures 41 (2015); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

      The court reminds the parties that

> In cases involving direct review in this court of administrative actions, the brief of the appellant or petitioner must set forth the basis for the claim of standing. . . . When the appellant's or petitioner's standing is not apparent from the administrative record, the brief must include arguments and evidence establishing the claim of standing.

See D.C. Cir. Rule 28(a)(7).

      Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due. Filing by mail could delay the processing of the brief. Additionally, parties are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail. See Fed. R. App. P. 25(a). All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover, or state that the case is being submitted without oral argument. See D.C. Cir. Rule 28(a)(8).

                                            **FOR THE COURT:**
                                            Mark J. Langer, Clerk

                     BY:    /s/
                                Mark A. Butler
                                Deputy Clerk